**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA**

**CRIMINAL ACTION NO. 1:21-CR-00281-JEB**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**Vs.**

**JORDAN T. REVLETT**                                                                    **DEFENDANT**

___

**SENTENCING MEMORANDUM**

___

      Comes the Defendant, Jordan T. Revlett, by and through Counsel and hereby submits this Sentencing Memorandum for consideration by the court in determining the defendant's final sentence in the above captioned matter. Mr. Revlett stands before this court for his violation of 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building. Statutorily, Mr. Revlett faces six (6) months of incarceration or imprisonment and a $5,000.00 fine. Pursuant to USSG §1B1.9, the U.S. Sentencing Guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction, and therefore do not apply in this matter. As such, we respectfully ask this court, pursuant to 18 U.S.C §3553, to determine a sentence that is sufficient, but not greater than necessary to reflect the seriousness of the offense and to promote respect for the law, in addition protecting the public from any potential future crimes that Mr. Revlett could commit.

      The defendant submits to the court that an individualized assessment of 18 U.S.C. § 3553(a) sentencing factors calls for a probated sentence and fine in conjunction with the agreed upon amount of restitution called for in Mr. Revlett's Plea Agreement.

**18 U.S.C. § 3553(a) FACTORS**

Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court in determining the particular sentence to be imposed, shall consider--

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed--

   A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   B) to afford adequate deterrence to criminal conduct;

   C) to protect the public from further crimes of the defendant; and

   D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Under the above statute, the Court is to apply various factors to determine a minimally sufficient sentence. An examination of the relevant statutory factors follows.

**NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

The offense for which the Defendant has been convicted speaks for itself.  Mr. Revlett does not make any excuses for his decisions and poor judgment and has readily accepted responsibility for the conduct that has brought him before this Court. Mr. Revlett is the son of two financially and emotionally supportive parents. His family has long operated a successful farming operation in McLean County, Kentucky. Since becoming a legal adult, Mr. Revlett has obtained his high school diploma in additional to some college credits as well. Additionally, he has joined his family in the farming operation and continues such employment to this day.

As it relates to the decisions and resulting conduct that brings the Mr. Revlett before this court, the court is well aware of the nature and extent of said conduct. As previously stated, the defendant accepted his responsibility for his actions. While the United States argues that he has no remorse for this actions, the undersigned states to the court that is not the case. Mr. Revlett has gained a deep sense of regret for taking part in what can only be described a terrible "black eye" on our democracy and our entire government. The sheer breadth of this overall investigation and prosecution of those who broke the law that day has had a great impact on Mr. Revlett. He readily admits that stating a capitol police officer let him in the capitol was not the reality of that day. Mr. Revlett respectfully asks this court for the privilege of probation of his sentence to prove to the court and the public that he regrets the decisions he made on January 6th.

**THE NEED OF THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOTE RESPECT OF THE LAW AND TO PROVIDE PUNISHMENT FOR THE OFFENSE**

Above all, the Mr. Revlett does not in any way minimize or make light of the seriousness of his conduct for which he has been adjudged guilty. He recognizes the inherent power of the court to impose a significant sentence of imprisonment. However, the issue now before the court is what type of sentence should be imposed to promote respect for the law and provide adequate punishment. Mr. Revlett recognizes that his conviction could seriously and adversely affect his life to an extent he could have never imagined or appreciated prior to this action. Furthermore, the prosecution and conviction of the Mr. Revlett clearly sends a message to the general public that this violation of the law will not be tolerated. Clearly, a prosecution, such as this one against Mr. Revlett and the many others, promotes respect for the law.

### THE NEED FOR THE SENTENCE IMPOSED TO
### AFFORD DETERRENCE TO CRIMINAL CONDUCT

The prosecution Mr. Revlett has endured and the potential incarceration after this sentencing sends a clear and powerful message to the public that this type of criminal conduct will not be tolerated. Mr. Revlett's prosecution and the entry of a plea of guilty, and the resulting punishment more than adequately serves as future deterrence to the wider community and sends the message that this type of criminal conduct should be avoided by all at all costs.

### THE NEED FOR THE SENTENCE IMPOSED TO PROTECT
### THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

Mr. Revlett, rightfully so, has endured a lengthy prosecution in this matter obviously resulting in a conviction. Additionally, this criminal matter has garnered much attention, both here in Kentucky, but also nationally. At the age of twenty-three Mr. Reveltt has largely lived his life as a law abiding citizen. His prosecution has had a deep impact on him which the undersigned believes has imparted a new, healthier respect for our laws and rules. The defendant submits to the court that he will not be back before this court or any other as a defendant. Furthermore, it is submitted that there nothing to point to that supports the argument that the public will be at risk by Mr. Revlett in the future.

### THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES

The Sentencing statute requires the Court to consider whether the sentence of a defendant would create a disparity among similarly situated defendants with similar records who have been adjudged guilty of similar conduct. 18 U.S.C. § 3553(6). The undersigned submits to the Court that a sentence at probated time in which Mr. Revlett is supervised, would not create such a disparity given the factors considered in determining his sentence.

## THE NEED FOR EDUCATIONAL OR VOCATIONAL TRAINING

The sentencing statute requires the Court to consider whether the Defendant needs educational or vocational training, medical care, or other correctional treatment that can only be provided through a sentence of incarceration. 18 U.S.C. § 3553(2) (D). Consideration of the educational or vocational needs requires the Court to look at the specific educational and vocational history of the Defendant. As of the date of this Memorandum, the Defendant has completed some college level credits. At his young age, the need for additional education or vocational training could not be more important to him. As such, Mr. Revlett welcomes any and all potential advancement or education that can be provided by the resources available to him through the United States Probation and Parole office.

## THE NEED TO PROVIDE RESITUTION TO ANY VICTIMS OF THE OFFENSE

Finally, the sentencing statute requires the Court to consider the need to provide restitution. 18 U.S.C. § 3553(7). As part of his Plea Agreement, a restitution payment of $500.00 has been agreed upon by the parties.

## CONCLUSION

Based upon the foregoing, the Defendant's age, criminal history, family, educational and work history and other relevant factors under the sentencing factors, the Defendant requests the Court to enter a sentence that probated his time to be supervised by U.S. Probation and Parole under any and all conditions the court deems appropriate.

Respectfully submitted,

/s/*Bryce L. Caldwell*
Bryce L. Caldwell
Gordon, Goetz, Johnson & Caldwell, PSC
121 West Second Street
Owensboro, Kentucky 42303
Office (270) 684-5757
Fax (270) 684-5862
Email bcaldwell@glofirm.com
*Counsel for Defendant*
*Jordan T. Revlett*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5th, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of the electronic filing to all parties of record.

Respectfully submitted,

/s/*Bryce L. Caldwell*
Bryce L. Caldwell
*Counsel for Defendant*
*Jordan T. Revlett*